LA MONT v. THE ST. LOUIS, DES MOINES & NORTHERN R'Y CO.

1. **Railroads: RIGHT OF WAY: DAMAGES: EVIDENCE.** The land in question was not a desirable tract, was situated more than two miles beyond the limits of the city of Des Moines, and was approached from the city by way of Greenwood Avenue, but lay more than a mile from that avenue, and eighty rods south of the line of the avenue extended westward. On the question of damages to plaintiff caused by taking the right of way over the land, *held* that evidence to the effect that Greenwood Avenue was a good road by which to approach the land was proper, but that evidence as to the superior character of the improvements upon said avenue was not proper to be admitted, it not appearing that the land is likely to be in demand in the near future for residence purposes.

*Appeal from Warren Circuit Court.*

THURSDAY, DECEMBER 6.

THE defendant, in locating and constructing its railroad, desired the right of way across a tract of land of forty acres, the property of plaintiff. The parties not being able to agree upon the compensation to be paid to the plaintiff, commissioners were appointed by the sheriff of Polk county, where the land is situated. The commissioners assessed the damages at the sum of $500. Both parties appealed from this assessment to the circuit court, and, on defendant's application, the place of trial was changed to Warren county, where the cause was tried by jury, which resulted in a verdict for the plaintiff for $964.50. Defendant appeals.

*Parsons & Runnells*, for appellant.

*Baylies & Baylies*, for appellee.

ROTHROCK, J.—I. The land of the plaintiff is situated about three miles and a quarter from the court-house in the city of Des Moines, and two miles in a direct line from the city limits, and two miles and fifty-two rods, by the traveled road, from the city limits. The approach to the land from

the city is by way of Greenwood Avenue to the fair grounds, and from that point by the old state road from Des Moines to Council Bluffs, which runs partly along the east line of the land in controversy. The land is situated one mile and fifty rods from Greenwood Avenue, by the traveled road. The evidence shows that the premises in controversy are not in all respects a desirable tract of land. The plaintiff testified that there was probably an acre and a half, at a creek which runs through the land, that could not be cultivated, and that four acres of the northeast corner are very rough and steep. The land, so far as it had been cultivated at all, had been used for market gardening and the raising of fruit; and the taking of the right of way destroyed some young apple trees and some strawberry plants. It will be observed from the foregoing statement that the land of the plaintiff is not upon nor adjacent to Greenwood Avenue. If Greenwood Avenue were extended west, it would pass eighty rods north of the land.

The plaintiff, while upon the stand as a witness, was asked to describe to the jury what character of highway Greenwood Avenue is, and "as to how it is arranged," and as to the character of improvements along that avenue, and how it was laid out. Another witness was asked substantially the same questions. The witnesses were allowed to state, over defendants objection, that said avenue was graded and widened about one hundred feet three years before that, and the land along the avenue was laid out in small tract for residences, and that it had finer improvements upon it than any other street running out of Des Moines.

We think that, in view of the whole record in this case, taking into consideration the character of plaintiff's land, the purposes for which it had been used, and its remoteness from Greenwood Avenue, this testimony should not have been allowed to go to the jury.

It is true that in proceedings of this character it is competent to show the situation and general surroundings of the land to which the controversy relates, whether it may be ap-

proached by good or bad roads, and the like. And, so far as the testimony related to Greenwood Avenue being a good road from Des Moines to plaintiff's land, the evidence was proper. It was also proper to show that the land is in the vicinity of a city, because this usually enhances the value of lands. But this evidence, so far as it relates to the fine improvements upon the avenue, and to the fact that the adjacent lands had been laid out into small tracts, appears to us to have been an effort upon the part of the plaintiff to present to the jury the idea that his land was especially valuable for the same purpose. The plaintiff's land had not been in demand for mere residence purposes; and there is nothing in the record to show that it will be in such demand in the near future, and it is present value and adaptability which determines the compensation to the owner in proceedings of this character.

We have examined this record through with care, and have to say that we cannot hold that this error was without prejudice. The amount of the verdict, and the great differences between the witnesses as to the damages to the plaintiff's land, lead us to think that the fact that land on Greenwood Avenue was very valuable had much to do in moulding the judgment of some of the witnesses, who testified that the difference in the value of the land before and after the appropriation of the right of way was from $2,000 to $2,500.

It is unnecessary to examine the other alleged errors. It may be proper to say, however, that we find no error in the instructions given by the court to the jury.

REVERSED.